IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AGNES WISE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 09-871-GPM** |
| | ) |
| BLAIR LLC, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the Notice for Removal in this cause.  *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *GE Commercial Distrib. Fin. Corp. v. Buchanan*, Civil No. 08-778-GPM, 2009 WL 909527, at *1 (S.D. Ill. Apr.1, 2009).  *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007).  Plaintiff, Agnes Wise, brings this action against Defendant, Blair LLC, ("Blair"), for alleged personal injuries.

The basis for the Court's subject matter jurisdiction alleged in the Notice for Removal is federal diversity jurisdiction; which requires, of course, that no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*,

882 F.2d 281, 284 (7th Cir. 1989); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006

WL 1875457, at *1 (S.D. Ill. June 30, 2006).   Blair, as the proponent of federal subject matter

jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction.   *See*

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General*

*Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

In this case Blair has properly alleged that Plaintiff is a citizen of the State of Illinois, and

that the amount in controversy is in excess of the jurisdictional minimum amount for diversity

purposes.   *See* 28 U.S.C. § 1332(a), (c)(1).   However, Blair has failed adequately to allege the facts

requisite to the Court's exercise of jurisdiction in diversity with respect to its own citizenship.   Blair

alleges in its Notice of Removal that it "is a Delaware Limited Liability Company with its principal

place of business and headquarters located in Pennsylvania" (Doc. 4, ¶ 5).   However, the citizenship

of a limited liability company for diversity purposes is the citizenship of each of its members.   *See*

*Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Commonwealth Ins. Co. v. Titan*

*Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Mkt. Place,*

*L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.

1998); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 837 n.1 (S.D. Ill. 2006); *Gracedale Sports &*

*Entertainment, Inc. v. Ticket Inlet*, No. 99 C 2781, 1999 WL 691824, at *1 (N.D. Ill. Aug. 23, 1999).

Therefore, to allege diversity jurisdiction properly, Blair must amend its Notice of Removal to

identify and allege the citizenship for diversity purposes of each of its members.[1]

---

1.     Thus, if any member of Blair is a natural person, it must identify the state where such person is domiciled, that is, physically present with an intent to remain there indefinitely.  *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  If any member of Blair is a corporation, Blair must identify the state where the corporation is incorporated and the state where the corporation maintains its principal place of business, defined in this Circuit as the state where a corporation maintains its "nerve center" or headquarters.  *See* 28

To conclude, Blair is hereby **ORDERED** to file an amended Notice of Removal in accordance with this Order not later than ten (10) days from the date of entry of this Order.  If Plaintiff fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will remand the action for lack of jurisdiction.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED: 10/28/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Jackson v. American Coal Co.*, No. Civ.05-4166-JLF, 2006 WL 181682, at *1 (S.D. Ill. Jan. 23, 2006); *Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 126-27 (N.D. Ill. 2003) (quoting *Wisconsin Knife Works*, 781 F.2d at 1282-83).  If any member of Blair is a partnership, limited liability company, or other unincorporated association, Blair must identify the citizenship of every member of such association.  *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Mutual Assignment & Indem. Co. v. LindWaldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003); *Indiana Gas Co. v. Home Ins. Co* ., 141 F.3d 314, 316 (7th Cir. 1998); *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).  Finally, if any member of Blair is a trust, it must allege the citizenship of the trustee or trustees, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust for diversity purposes is that of its beneficiary or beneficiaries.  *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Allegis Group, Inc. Contractors Health Plan Trust v. Conn. Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at **2-4 & n. 3 (D. Md. June 10, 2004)).